Hubert H. Kuo (SBN 204036)
    hkuo@ardentlawgroup.com
Jennifer C. Berschauer (SBN. 203977)
    jberschauer@ardentlawgroup.com
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone:   (949) 299-0127
Facsimile:   (949) 299-0188

Attorneys for Defendants/Counterclaimants ARTIST INTERNATIONAL CO., LTD., and ERAS SPORTING CO., LTD., Defendants LI-WEI HOU, HONG-WEN CHEN, erroneously sued as HUNG-WEN CHEN, and *specially appearing* on behalf of LI-MING HSU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDADAY, INC., a Delaware corporation, and VICTOR YANG, an individual<br><br>Plaintiffs,<br><br>v.<br><br>ARTIST INTERNATIONAL CO., LTD., a foreign corporation, ERAS SPORTING CO., LTD., a foreign corporation, SUZHOU AIDISITE TRADING CO., LTD., a foreign corporation, LI-MING HSU, an individual, LI-WEI HOU, an individual, HUNG-WEN CHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05525-AB (PLAx)<br>Assigned for all purposes to:<br>Hon. Judge Andre Birotte Jr.<br><br>**COUNTERCLAIMANT ARTIST INTERNATIONAL CO., LTD'S NOTICE OF MOTION AND MOTION FOR A RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AGAINST COUNTER DEFENDANT ADDADAY, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF.**<br><br>**HEARING:**<br>**DATE: May 6, 2022**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 7B** |
| ARTIST INTERNATIONAL CO., LTD., a Belize company, ERAS SPORTING CO., LTD., a Taiwanese company,<br><br>Counterclaimants,<br><br>v.<br><br>ADDADAY, INC., a Delaware corporation, and VICTOR YANG, an individual, and ROES 1-10, inclusive,<br><br>Counter-Defendants. | [Filed concurrently with Declaration of, "Eva" Chen in support thereof; Writ of Attachment after Hearing; Notice of Application for Writ of Attachment; Application for Writ of Attachment after Hearing.] |

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

PLEASE TAKE NOTICE, that on May 6, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard, Counterclaimant ARTIST INTERNATIONAL CO., LTD. ("ARTIST") will and hereby does move, before the Honorable Judge Andre Birotte Jr., United States District Court for the Central District of California, at the First Street Courthouse, Courtroom 7B , located at 350 W 1st Street, Los Angeles, CA 90012, for a Right to Attach Order and Issuance of a Writ of Attachment of the property of Counter-Defendant ADDADAY, INC. ("ADDADAY") to recover damages arising from the breaches of multiple agreements by Counter Defendants including debt guarantee agreement ("Debt Guarantee Agreement"), guarantee for ARTIST's debt ("Guarantee by ADDADAY"),  and various purchase orders ("POs").

This Motion will be made based upon the Points and Authorities herein, the accompanying Declarations of Lin "Eva" Chen, Notice of Application and Hearing for Right to Attach Order and Order for Issuance of Writ of Attachment, Application for Right to Attach Order and Order for Issuance of Writ of Attachment and such other evidence and argument that may be presented to the Court prior to or at the hearing on this Motion.

///
///
///
///
///
///
///
///
///
///
///
///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# RELIEF REQUESTED

Counterclaimant ARTIST requests that this Court issues a Right to Attach Order and order for Issuance of Writ of Attachment against the property of ADDADAY in the amount of $1,500,782.34, , pursuant to Federal Rules of Civil Procedure, Rule 64 and California Code of Civil Procedure § 484.010 *et seq*.

Dated:   March __, 2022                    ARDENT LAW GROUP, P.C.


                                           By:   /s/ Hubert Kuo
                                                 Hubert Kuo
                                                 Jennifer C. Berschauer
                                                 Attorneys for
                                                 Defendants/Counterclaimants ARTIST
                                                 INTERNATIONAL CO., LTD., and
                                                 ERAS SPORTING CO., LTD.,
                                                 Defendants LI-WEI HOU, HONG-WEN
                                                 CHEN, erroneously sued as HUNG-WEN
                                                 CHEN, and specially appearing on behalf
                                                 of LI-MING HSU

1

2

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.       INTRODUCTION

3       This case is for damages based on the breaches of multiple agreements by

4   Counter-Defendants ADDADAY, INC. ("ADDADAY") and VICTOR YANG

5   ("YANG") (collectively "Counter Defendants")  including stock repurchase

6   agreement ("Stock Repurchase Agreement"), promissory note for Stock Repurchase

7   Agreement ("Note for Stock Repurchase Agreement"), debt guarantee agreement

8   ("Debt Guarantee Agreement"), guarantee for ARTIST's debt by ADDADAY

9   ("Guarantee by ADDADAY"), guarantee for ARTIST's debt by YANG ("Guarantee

10  by YANG"), and various purchase orders ("POs").

11      Under the Debt Guarantee Agreement, ADDADAY acknowledged owing

12  Counterclaimant ARTIST INTERNATIONAL CO., LDT. ("ARTIST")

13  $1,491,764.70, for goods supplied from ARTIST to ADDADAY for the period

14  between March 6, 2019 to July 22, 2019. Pursuant to the Debt Guarantee Agreement,

15  ADDADAY was required to pay ARTIST 16 monthly installments, for $93,235 per

16  month, starting October 1, 2020, with the last payment of $93,239.70. Thus far,

17  ADDADAY has only paid ARTIST $374,705. As such, pursuant to the Debt

18  Guarantee Agreement, ADDADAY owes ARTIST $1,117,059.70.

19      Under the Guarantee by ADDADAY, ADDADAY promised to pay to ARTIST

20  $1,491,764.70, in 16 monthly installments, starting on October 1, 2020, in the amount

21  of $93,235, with the last payment of $93,239.70. However, ADDADAY still owes

22  ARTIST $1,117,059.70.

23      Between July 2020 to April 2021, ADDADAY signed several POs to ARTIST.

24  Among the signed POs, there are about 7 POs where ADDADAY failed to pay in full.

25  The total amount for those orders is $477,375.20. However, ADDADAY has paid

26  only $93,652.56. ADDADAY still needs to pay ARTIST $383,722.64.

27      Accordingly, pursuant to Federal Rules of Civil Procedure, Rule 64 and

28  California Code of Civil Procedure § 484.010 *et seq.,* Counterclaimants request that

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

this Court issues a Right to Attach Order and order for Issuance of Writ of Attachment against the property of ADDADAY in the amount of $1,500,782.34. The relief requested herein can, and respectfully should, be issued.

## II.    FACTUAL BACKGROUND

### DEBT GUARANTEE AGREEMENT, AND GUARANTEE BY ADDADAY

#### a.  Debt Guarantee Agreement

As a supplier of ADDADAY, Counterclaimant ERAS SPORTING CO., LTD. ("ERAS") through its affiliate, ARTIST, supplied and delivered goods to ADDADAY. *Declaration of Lin "Eva" Chen in support of Application for Right to Attach Order and an Order for Issuance of a Writ of Attachment* ("*Chen Decl.*"), ¶ 12.  From March 2019 to August 2020, ADDADAY ordered goods from and incurred payment obligations totaling $1,491,764.70 ("ARTIST's Debt"). *Chen Decl.*, ¶ 12. To facilitate the execution of the Stock Repurchase Agreement, YANG agreed to execute certain notes and a personal guarantee to the ARTIST's Debt. *Chen Decl.*, ¶ 12.

As a result, on or about September 2, 2020, ADDADAY, YANG, ARTIST, and ERAS entered into a Debt Guarantee Agreement. *Chen Decl.*, ¶ 12, Ex. 3.

Pursuant to the Debt Guarantee Agreement, after ERAS entered into the Stock Repurchase Agreement and transferred its stocks in ADDADAY to YANG, ADDADAY would pay ARTIST the ARTIST's Debt. *Chen Decl.*, ¶ 13. Since ADDADAY did not have sufficient funds at the time, ADDADAY was to issue a promissory note, and YANG was to also issue a personal guarantee, for ARTIST's Debt. *Chen Decl.*, ¶ 13.

#### b.  Guarantee by ADDADAY

As such, on or about September 2, 2020, ADDADAY issued a promissory note (Guarantee by ADDADAY) in the amount of $1,491,764.70, in favor of ARTIST. *Chen Decl.*, ¶ 14, Ex. 4. According to this Guarantee by ADDADAY, ADDADAY was to pay ARTIST in sixteen equal monthly installments, starting October 1, 2020,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

2

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

in the amount of $93,235, and the last payment of $93,239.70. *Chen Decl.*, ¶ 14.

Although ADDADAY was supposed to start making monthly payments on October 1, 2020, ADDADAY did not make the first payment until November 16, 2020. *Chen Decl.*, ¶ 15. From November 16, 2020 to March 9, 2021, the total payments made by ADDADAY was $374,705.00. *Chen Decl.*, ¶ 15. Since then, ADDADAY ceased making any further payments for the Debt Guarantee Agreement. *Chen Decl.*, ¶ 15. Although ERAS and ARTIST have conferred multiple times with ADDADAY regarding the outstanding balance, ADDADAY  has not made any further payments.

<h3 style="text-align:center">ADDADAY'S UNPAID ORDERS</h3>

The course of dealing between ARTIST and ADDADAY is that whenever ADDADAY needed to order products from ARTIST, ADDADAY will send the description of products needed to ARTIST, and ARTIST will then prepare and send a proforma invoice based on the description to ADDADAY. *Chen Decl.*, ¶ 19. ADDADAY would then sign and return the executed proforma invoice back to ARTIST. *Chen Decl.*, ¶ 19. After receipt of ADDADAY's executed proforma invoice, ARTIST will then procure the products. *Chen Decl.*, ¶ 19.

Between July 2020 to April 2021, ADDADAY signed and returned to ARTIST several POs to ARTIST, confirming ADDADAY's purchase of products. *Chen Decl.*, ¶ 20.  However, ADDADAY has not paid in full for seven of the POs. The POs at issue are:

**20ADD#C15:**

Invoice amount $371,497.50; ADDADAY paid $69,331.90; outstanding balance $302,165.60; in order to facilitate payment, ARTIST provided a discount of the unit price (from $62.20 to $49.35), and the outstanding balance after discount is $225,755.80;

**20ADD#C20:**

Invoice amount $36,548.40; ADDADAY paid $20,197.80; outstanding balance

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

$16,350.60; in order to facilitate payment, ARTIST provided a discount of the unit price (from $48.09 to $38.18), and the outstanding balance after discount is $12,981.20; off the balance, ADDADAY paid $4,905.18; remaining balance $8,076.02;

**20ADD#C23:**

Invoice amount $53,090.00; ADDADAY did not pay, and in order to facilitate payment, ARTIST provided a discount of the unit price (from $53.09 to $42.82), and the new balance is $42,820.00; off the balance, ADDADAY paid $15,987.00; remaining balance $26,833.00;

**20ADD#C25:**

Invoice amount $1,135.50; ADDADAY paid $853.50; outstanding balance $282.00;

**20ADD#C26:**

Invoice amount $310,100.00; ADDADAY paid $205,552.00; outstanding balance $$104,548.00; in order to facilitate payment, ARTIST provided a discount of the unit price (from $44.30 to $42.00), and the outstanding balance after discount is $99,120.00; off the balance, ADDADAY paid $14,000.00; remaining balance $85,120.00;

**20ADD#C29:**

Invoice amount $309.60; outstanding balance $309.60;

**21ADD#C2:**

Invoice amount $96,106.60; ADDADAY paid $36,975.00; outstanding balance $59,131.60. *Chen Decl.*, ¶ 20, Ex. 6 - 16.

The total outstanding balance, after discount to some of those orders, is $477,375.20, and ADDADAY has paid only $93,652.56. *Chen Decl.*, ¶ 21. Accordingly, ADDADAY still owes ARTIST $383,722.64 under those POs. *Chen Decl.*, ¶ 21. Since ADDADAY has signed the proforma invoices, ARTIST procured the products at its own costs. *Chen Decl.*, ¶ 21. However, since ADDADAY failed to

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

pay the balances on the proforma invoices, ARTIST has not delivered any new products. *Chen Decl.*, ¶ 21.

Despite multiple conferrals with ADDADAY, ADDADAY refused to pay the balance on the products that have been procured for ADDADAY but not delivered.

## III.   ARGUMENT

### A.   Legal Standard for Obtaining a Writ of Attachment

Federal Rule of Civil Procedure 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," unless a federal statute governs. Fed. R. Civ. R. 64(a) (Rule 64(b) also lists "attachment" among the available remedies); *Triton v. Kien Hung Shipping*, 2003 U.S. Dist. LEXIS 18302, *6 (C.D. Cal. 2003) (plaintiff was "entitled to invoke state law remedies in order to secure satisfaction of the judgment it seeks in this case"). The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 7 of Alameda County*, 415 U.S. 423, 436 n. 10 (1974).

Under California law, a Court shall issue a "right to attach order" if the Court makes the following four findings:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The party seeking the attachment has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

*Cal. Code Civ. Proc.* § 484.090(a); *Triton*, 2003 U.S. Dist LEXIS 18302, *7-8.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

If the Court makes the above-referenced findings, and if "[Defendant] fail[s] to prove that all of the property sought to be attached is exempt from attachment, [the Court] *shall* order a writ of attachment to be issued upon the filing of an undertaking." *Cal. Code Civ. Proc.* § 484.090(b) (emphasis added).  Such an order is appropriate in cases involving claim or claims for money, each of which is based upon a contract, express or implied.  *Cal. Code Civ. Proc.* § 483.010(a).

**B.    The Court Should Issue a Writ of Attachment**

All four requirements for issuance of a writ of attachment under California Code of Civil Procedure section 484.090(a) are satisfied easily in this case.

**1.    The Claims are the Ones Upon Which an Attachment May Issue.**

A claim is one which an attachment may be issued if the claim is: (1) for money based upon a contract, express or implied, and (2) of a fixed or readily ascertainable amount not less than $500.  *Cal. Code Civ. Proc.* § 483.010(a).

Here, all claims are based on the breaches of multiple agreements by ADDADAY, including the Debt Guarantee Agreement, Guarantee by ADDADAY, and various POs.

In addition, a claim is of a readily ascertainable amount where it is measurable by reference to the contract itself and the basis for computing damages is reasonable and certain.  *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* 115 Cal. App. 4th 537, 540 (2004). Here, the amounts of ADDADAY's breaches are readily ascertainable and are not less than $500. To be specific, the amounts claimed by ARTIST are as follows:

Debt Guarantee Agreement: $1,117,059.70;

Guarantee by ADDADAY: $1,117,059.70; and

POs: $383,722.64[1].

---

[1] All the amounts listed do not include interest or attorneys' fees.

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

### 2. The Claims are Valid.

A claim has "probable validity" when "it is more likely than not that the plaintiff will obtain a judgment." *Cal. Code Civ. Proc.* § 481.190; *Kemp Bros. Construction, Inc. v. Titan Electric Corp.*, 146 Cal. App. 4th 1474, 1476 (2007); *Triton*, 2003 U.S. Dist. LEXIS 18302 at *8. To establish the requisite probable validity of the breach of contract claim upon which the attachment is based, the moving party must produce evidence that: "(1) The parties had a valid contract; (2) Plaintiff performed all of its obligations; (3) Defendant failed to perform on their obligations under the contract; and (4) Plaintiff was harmed by Defendant's failure to perform". *Richman v. Hartley* 224 Cal.App.4t h 1182, 1186 (2014).

Here, all elements requisite for probable validity of the breaches of contracts claims are met.

### Debt Guarantee Agreement, and Guarantee by ADDADAY

On or about September 2, 2020, ADDADAY, YANG, ARTIST, and ERAS entered into the Debt Guarantee Agreement. Pursuant to the Debt Guarantee Agreement, ADDADAY issued the Guarantee by ADDADAY in favor of ARTIST, and YANG issued the Guarantee by YANG to guarantee ADDADAY's obligations under the Guarantee by ADDADAY. *Chen Decl.*, ¶ 12, 14, 16, Ex. 3 -5. YANG and ADDADAY do not dispute the validity of the Debt Guarantee Agreement, Guarantee by ADDADAY, and Guarantee by YANG, as ADDADAY and YANG made a portion of the payments to ARTIST in accordance with the Debt Guarantee Agreement. *Chen Decl.*, ¶ 15.

ERAS has performed all its obligations under the Debt Guarantee Agreement, by entering into the Stock Repurchase Agreement.

ADDADAY failed to perform their obligations under the Debt Guarantee Agreement and Guarantee by ADDADAY, because the total payments made in accordance with these agreements was $374,705.00, and ADDADAY still owes ARTIST $1,117,059.70. *Chen Decl.*, ¶ 15.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ARTIST was harmed by ADDADAY's failure to perform. Therefore, ARTIST's claims against ADDADAY based on ADDADAY's breaches of the Debt Guarantee Agreement and Guarantee by ADDADAY are valid.

### Proforma Invoices

Between July 2020 to April 2021, ADDADAY signed and returned to ARTIST several proforma invoices to ARTIST, confirming ADDADAY's purchase of products. However, ADDADAY has not paid for seven of the proforma invoices. ADDADAY do not dispute the validity of the POs because ADDADAY made a portion of the payments to ARTIST in accordance with these seven specific POs. *Chen Decl.*, ¶ 20, Ex. 6 -16.

ARTIST has performed all of its obligations under these seven POs as ARTIST has procured the products.

ADDADAY failed to perform its obligations under these POs because ADDADAY has paid only $93,652.56, and still owes ARTIST $383,722.64. *Chen Decl.*, ¶ 21.

ARTIST was harmed by ADDADAY's failure to perform. Therefore, ARTIST's claim against ADDADAY based on these POs is valid.

### 3.     The Attachments are Not Sought for a Purpose Other Than Recovering on the Claims

Counterclaimant ARTIST does not seek the attachments for any purpose other than recovering on its claim for damages related to ADDADAY's breaches.  The decision to sue ADDADAY did not come lightly as the Counterclaimant ARTIST value its relationship with its customers highly.  In fact, Counterclaimant ARTIST exhausted all efforts to amicably resolve the dispute to no avail.

### 4.     The Amount to be Secured Is Greater than Zero.

In this instance, Counterclaimant ARTIST seeks to secure $1,500,782.34 by way of this motion.  This amount is the aggregate amount of damages from

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

8
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  ADDADAY's failure to pay ARTIST in accordance with different agreements.

2  Accordingly, the amount to be secured here is clearly greater than zero.

3  **IV.   CONCLUSION**

4    For the foregoing reasons, the Court should issue a Right to Attach Order and

5  Order for Issuance of Writ of Attachment against ADDADAY in the amount of

6  $1,500,782.34[2].

7

8  Dated:  March 28, 2022      ARDENT LAW GROUP, P.C.

9

10        By: /s/ *Hubert Kuo*      
         Hubert Kuo

11           Jennifer C. Berschauer
         Attorneys for

12           Defendants/Counterclaimants ARTIST
         INTERNATIONAL CO., LTD., and

13           ERAS SPORTING CO., LTD.,
         Defendants LI-WEI HOU, HONG-WEN

14           CHEN, erroneously sued as HUNG-
         WEN CHEN, and specially appearing on

15           behalf of LI-MING HSU

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] From Debt Guarantee Agreement, Guarantee by ADDADAY ($1,117,059.70), and the POs ($383,722.64).

NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## **CERTIFICATION OF SERVICE**

2

The under signed attorney certifies that copies of the foregoing

3   **COUNTERCLAIMANT ARTIST INTERNATIONAL CO., LTD'S NOTICE OF MOTION AND MOTION FOR A RIGHT TO ATTACH ORDER AND**

4   **ISSUANCE OF WRIT OF ATTACHMENT AGAINST COUNTER DEFENDANT ADDADAY, INC.; MEMORANDUM OF POINTS AND**

5   **AUTHORITIES IN SUPPORT OF THEREOF** was served upon all parties on

6   March 28, 2022

7                          /s/ *Hubert Kuo*_____
                           Hubert Kuo
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF