Hubert H. Kuo (SBN 204036)
    hkuo@ardentlawgroup.com
Jennifer C. Berschauer (SBN. 203977)
    jberschauer@ardentlawgroup.com
ARDENT LAW GROUP, P.C.
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone:  (949) 299-0127
Facsimile:   (949) 299-0188

Attorneys for Defendants/Counterclaimants ARTIST INTERNATIONAL CO., LTD., and ERAS SPORTING CO., LTD., Defendants LI-WEI HOU, HONG-WEN CHEN, erroneously sued as HUNG-WEN CHEN, and *specially appearing* on behalf of LI-MING HSU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDADAY, INC., a Delaware corporation, and VICTOR YANG, an individual<br><br>Plaintiffs,<br><br>v.<br><br>ARTIST INTERNATIONAL CO., LTD., a foreign corporation, ERAS SPORTING CO., LTD., a foreign corporation, SUZHOU AIDISITE TRADING CO., LTD., a foreign corporation, LI-MING HSU, an individual, LI-WEI HOU, an individual, HUNG-WEN CHEN, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-05525-AB (PLAx)<br>Assigned for all purposes to:<br>Hon. Judge Andre Birotte Jr.<br><br>**COUNTERCLAIMANTS' NOTICE OF MOTION AND MOTION FOR A RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AGAINST COUNTER DEFENDANT VICTOR YANG; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF.**<br><br>**HEARING:**<br>**DATE: May 6, 2022**<br>**TIME: 10:00 a.m.**<br>**COURTROOM: 7B** |
| ARTIST INTERNATIONAL CO., LTD., a Belize company, ERAS SPORTING CO., LTD., a Taiwanese company,<br><br>Counterclaimants,<br><br>v.<br><br>ADDADAY, INC., a Delaware corporation, and VICTOR YANG, an individual, and ROES 1-10, inclusive,<br><br>Counter-Defendants. | [Filed concurrently with Declaration of, "Eva" Chen in support thereof; Writ of Attachment after Hearing; Notice of Application for Writ of Attachment; Application for Writ of Attachment after Hearing.] |

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

PLEASE TAKE NOTICE, that on May 6, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard, Counterclaimant ARTIST INTERNATIONAL CO., LTD. ("ARTIST") and ERAS SPORTING CO., LTD. ("ERAS") (collectively Counterclaimants") will and hereby do move, before the Honorable Judge Andre Birotte Jr., United States District Court for the Central District of California, at the First Street Courthouse, Courtroom 7B , located at 350 W 1st Street, Los Angeles, CA 90012, for a Right to Attach Order and Issuance of a Writ of Attachment of the property of Counter-Defendant VICTOR YANG ("YANG") to recover damages arising from the breaches of multiple agreements by Counter Defendants including stock repurchase agreement ("Stock Repurchase Agreement"), promissory note for Stock Repurchase Agreement ("Note for Stock Repurchase Agreement"), debt guarantee agreement ("Debt Guarantee Agreement"), guarantee for ARTIST's debt by YANG ("Guarantee by YANG"), and various purchase orders ("POs").

This Motion will be made based upon the Points and Authorities herein, the accompanying Declarations of Lin "Eva" Chen, Notice of Application and Hearing for Right to Attach Order and Order for Issuance of Writ of Attachment, Application for Right to Attach Order and Order for Issuance of Writ of Attachment and such other evidence and argument that may be presented to the Court prior to or at the hearing on this Motion.

///
///
///
///
///
///
///
///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

2
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## RELIEF REQUESTED

Counterclaimants request that this Court issues a Right to Attach Order and order for Issuance of Writ of Attachment against the property of YANG in the amount of $1,370,559.70, pursuant to Federal Rules of Civil Procedure, Rule 64 and California Code of Civil Procedure § 484.010 *et seq*.

Dated: March 28, 2022                    ARDENT LAW GROUP, P.C.

By: */s/ Hubert Kuo*
Hubert Kuo
Jennifer C. Berschauer
Attorneys for Defendants/Counterclaimants ARTIST INTERNATIONAL CO., LTD., and ERAS SPORTING CO., LTD., Defendants LI-WEI HOU, HONG-WEN CHEN, erroneously sued as HUNG-WEN CHEN, and specially appearing on behalf of LI-MING HSU

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

3
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.	INTRODUCTION

This case is for damages based on the breaches of multiple agreements by Counter-Defendants ADDADAY, INC. ("ADDADAY") and VICTOR YANG ("YANG") (collectively "Counter Defendants") including stock repurchase agreement ("Stock Repurchase Agreement"), promissory note for Stock Repurchase Agreement ("Note for Stock Repurchase Agreement"), debt guarantee agreement ("Debt Guarantee Agreement"), guarantee for ARTIST's debt by ADDADAY ("Guarantee by ADDADAY"), guarantee for ARTIST's debt by YANG ("Guarantee by YANG"), and various purchase orders ("POs").

Under the Stock Repurchase Agreement, YANG was required to purchase 300,000 shares of ADDADAY's common stocks from Counterclaimant ERAS SPORTINF CO., LTD. ("ERAS") for $500,000.00. Thus far, YANG has only paid ERAS $246,500.00 and still owes ERAS $253,500.00.

Under the Note for Stock Repurchase Agreement, YANG promised to pay to ERAS, in one lump sum payment, on or before February 1, 2021, as a guarantee to ERAS based on the Stock Repurchase Agreement. However, YANG still owes ERAS $253,500.00 for the stock repurchase.

Under the Debt Guarantee Agreement, ADDADAY acknowledged owing Counterclaimant ARTIST INTERNATIONAL CO., LDT. ("ARTIST") $1,491,764.70, for goods supplied from ARTIST to ADDADAY for the period between March 6, 2019 to July 22, 2019. Pursuant to the Debt Guarantee Agreement, ADDADAY was required to pay ARTIST 16 monthly installments, for $93,235 per month, starting October 1, 2020, with the last payment of $93,239.70. Thus far, ADDADAY has only paid ARTIST $374,705. As such, pursuant to the Debt Guarantee Agreement, ADDADAY owes ARTIST $1,117,059.70.

Under the Guarantee by YANG, YANG absolutely, unconditionally, and irrevocably guarantees the prompt payment by ADDADAY under the Guarantee by

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

1
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ADDADAY. Further according to the Guarantee by YANG, if a default occurred in the payment obligations under the Guarantee by ADDADAY, YANG was obligated to pay such sum to ARTIST. However, neither ADDADAY nor YANG have made any further payments for the Debt Guarantee Agreement.

Accordingly, pursuant to Federal Rules of Civil Procedure, Rule 64 and California Code of Civil Procedure § 484.010 *et seq.,* Counterclaimants request that this Court issues a Right to Attach Order and order for Issuance of Writ of Attachment against the property of YANG in the amount of $1,370,559.70. The relief requested herein can, and respectfully should, be issued.

## II. FACTUAL BACKGROUND
## STOCK REPURCHASE AGREEMENT, AND NOTE FOR STOCK REPURCHASE AGREEMENT

### a. Stock Repurchase Agreement

On or about September 2, 2020, ERAS, YANG, and ADDADAY entered into the Stock Repurchase Agreement, where ERAS sold 300,000 shares of common stock in ADDADAY to YANG, for $500,000. *Declaration of Lin "Eva" Chen in support of Application for Right to Attach Order and an Order for Issuance of a Writ of Attachment* ("*Chen Decl.*"), ¶ 5, Ex. 1.

Pursuant to the Stock Repurchase Agreement, ERAS was to transfer all shares to YANG at the execution of the Stock Repurchase Agreement, evidenced with an assignment of stock. *Chen Decl.*, ¶ 6. ERAS executed the assignment and transferred all of its 300,000 shares of common stock to YANG in September 2020. *Chen Decl.*, ¶ 6.

Further pursuant to the Stock YANG agreed to pay ERAS in accordance with a promissory note in favor of ERAS in the amount of $500,000.00. *Chen Decl.*, ¶ 7. YANG breached the Stock Repurchase Agreement by failing to pay ERAS in accordance with his promissory note described below. *Chen Decl.*, ¶ 7.

///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

2
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### b. Note for Stock Repurchase

Pursuant to the Stock Repurchase Agreement, YANG was to issue a promissory note to ERAS as he did not have sufficient funds to pay ERAS. *Chen Decl.*, ¶ 8. YANG did issue a promissory note (the Note for Stock Repurchase) in favor of ERAS in the amount of $500,000.00. *Chen Decl.*, ¶ 8, Ex. 2. Pursuant to the Note for Stock Repurchase YANG was to pay ERAS in one lump sum payment, in the amount of $500,000.00, on or before February 1, 2021. *Chen Decl.*, ¶ 8.

YANG failed to pay ERAS by February 1, 2021 as required by the Note for Stock Repurchase Agreement. *Chen Decl.*, ¶ 9. After multiple conferrals with YANG, YANG started making payment for the stock repurchase on March 11, 2021. *Chen Decl.*, ¶ 9. However, YANG made the payments in small amounts rather than a lump sum. From March 11, 2021 to June 15, 2021, YANG paid to ERAS for the stock repurchase in the amount of $246,500.00. *Chen Decl.*, ¶ 9.

After June 2021's payment, YANG ceased all payments and still owes ERAS $253,500.00 for the stock repurchase. *Chen Decl.*, ¶ 10. Therefore, YANG breached the Note for Stock Repurchase by failing to pay ERAS $253,500.00.

### DEBT GUARANTEE AGREEMENT, AND GUARANTEE BY YANG

### a. Debt Guarantee Agreement

As a supplier of ADDADAY, ERAS through its affiliate, ARTIST, supplied and delivered goods to ADDADAY. *Chen Decl.*, ¶ 12. From March 2019 to August 2020, ADDADAY ordered goods from and incurred payment obligations totaling $1,491,764.70 ("ARTIST's Debt"). *Chen Decl.*, ¶ 12. To facilitate the execution of the Stock Repurchase Agreement, YANG agreed to execute certain notes and a personal guarantee to the ARTIST's Debt. *Chen Decl.*, ¶ 12.

As a result, on or about September 2, 2020, ADDADAY, YANG, ARTIST, and ERAS entered into a Debt Guarantee Agreement. *Chen Decl.*, ¶ 12, Ex. 3.

Pursuant to the Debt Guarantee Agreement, after ERAS entered into the Stock Repurchase Agreement and transferred its stocks in ADDADAY to YANG,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

3
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ADDADAY would pay ARTIST the ARTIST's Debt. *Chen Decl.*, ¶ 13. Since ADDADAY did not have sufficient funds at the time, ADDADAY was to issue a promissory note, and YANG was to also issue a personal guarantee, for ARTIST's Debt. *Chen Decl.*, ¶ 13.

### b. Guarantee by YANG

In addition to the Guarantee by ADDADAY, YANG executed a personal guarantee of promissory note (Guarantee by YANG) on or about September 2, 2020, where YANG guaranteed ADDADAY's obligations to the ARTIST's Debt, where YANG absolutely, unconditionally, and irrevocably guaranteed the prompt payment by ADDADAY under the Guarantee by ADDADAY. *Chen Decl.*, ¶ 16, Ex. 5. If a default were to occur in the payment obligations under the Guarantee by ADDADAY, then YANG shall pay such sum to ARTIST. *Chen Decl.*, ¶ 16.

Since ADDADAY ceased making further payments, YANG was supposed to continue making payments to ARTIST for ARTIST's debt because YANG personally guaranteed ADDADAY's obligations. *Chen Decl.*, ¶ 17. However, YANG did not make a single payment. *Chen Decl.*, ¶ 17. Although ERAS and ARTIST have conferred multiple times with ADDADAY and YANG regarding the outstanding balance, neither ADDADAY nor YANG have made any further payments.

Since ADDADAY and YANG fell behind their payment obligations, pursuant to the Debt Guarantee Agreement, on or about June 2, 2021, ARTIST served a written notice of default on ADDADAY and YANG. Neither ADDADAY nor YANG cured the default, and ARTIST declared the entire balance due, in the amount of $1,117,059.70, immediately due and payable.

### III.   ARGUMENT

### A.   Legal Standard for Obtaining a Writ of Attachment

Federal Rule of Civil Procedure 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

4
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

person or property to secure satisfaction of the potential judgment," unless a federal statute governs. Fed. R. Civ. R. 64(a) (Rule 64(b) also lists "attachment" among the available remedies); *Triton v. Kien Hung Shipping*, 2003 U.S. Dist. LEXIS 18302, *6 (C.D. Cal. 2003) (plaintiff was "entitled to invoke state law remedies in order to secure satisfaction of the judgment it seeks in this case"). The effect of Rule 64 is to incorporate state law to determine the availability of prejudgment remedies for the seizure of property to secure satisfaction of a judgment ultimately entered. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 7 of Alameda County*, 415 U.S. 423, 436 n. 10 (1974).

Under California law, a Court shall issue a "right to attach order" if the Court makes the following four findings:

(1) The claim upon which the attachment is based is one upon which an attachment may be issued.

(2) The party seeking the attachment has established the probable validity of the claim upon which the attachment is based.

(3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.

(4) The amount to be secured by the attachment is greater than zero.

*Cal. Code Civ. Proc.* § 484.090(a); *Triton*, 2003 U.S. Dist LEXIS 18302, *7-8.

If the Court makes the above-referenced findings, and if "[Defendant] fail[s] to prove that all of the property sought to be attached is exempt from attachment, [the Court] *shall* order a writ of attachment to be issued upon the filing of an undertaking." *Cal. Code Civ. Proc.* § 484.090(b) (emphasis added). Such an order is appropriate in cases involving claim or claims for money, each of which is based upon a contract, express or implied. *Cal. Code Civ. Proc.* § 483.010(a).

///

///

5
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

### B. The Court Should Issue a Writ of Attachment

All four requirements for issuance of a writ of attachment under California Code of Civil Procedure section 484.090(a) are satisfied easily in this case.

### 1. The Claims are the Ones Upon Which an Attachment May Issue.

A claim is one which an attachment may be issued if the claim is: (1) for money based upon a contract, express or implied, and (2) of a fixed or readily ascertainable amount not less than $500. *Cal. Code Civ. Proc.* § 483.010(a).

Here, all claims are based on the breaches of multiple agreements by YANG, including the Stock Repurchase Agreement, Note for Stock Repurchase Agreement, Debt Guarantee Agreement, and Guarantee by YANG.

In addition, a claim is of a readily ascertainable amount where it is measurable by reference to the contract itself and the basis for computing damages is reasonable and certain. *CIT Group/Equipment Financing, Inc. v. Super DVD, Inc.* 115 Cal. App. 4th 537, 540 (2004). Here, the amounts of YANG's breaches are readily ascertainable and are not less than $500. To be specific, the amounts claimed by Counterclaimants are as follows:

Stock Repurchase Agreement: $253,500.00;

Note for Stock Repurchase Agreement: $253,500.00;

Debt Guarantee Agreement: $1,117,059.70; and

Guarantee by YANG: $1,117,059.70[1].

### 2. The Claims are Valid.

A claim has "probable validity" when "it is more likely than not that the plaintiff will obtain a judgment." *Cal. Code Civ. Proc.* § 481.190; *Kemp Bros. Construction, Inc. v. Titan Electric Corp.*, 146 Cal. App. 4th 1474, 1476 (2007); *Triton*, 2003 U.S. Dist. LEXIS 18302 at *8. To establish the requisite probable validity of the breach of contract claim upon which the attachment is based, the

---

[1] All the amounts listed do not include interest or attorneys' fees.

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

6
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

moving party must produce evidence that: "(1) The parties had a valid contract; (2) Plaintiff performed all of its obligations; (3) Defendant failed to perform on their obligations under the contract; and (4) Plaintiff was harmed by Defendant's failure to perform". *Richman v. Hartley* 224 Cal.App.4t h 1182, 1186 (2014).

Here, all elements requisite for probable validity of the breaches of contracts claims are met.

### Stock Repurchase Agreement and Note for Stock Repurchase Agreement

On or about September 2, 2020, ERAS, YANG and ADDADAY entered into the Stock Repurchase Agreement. *Chen Decl.*, ¶ 5, Ex. 1. Pursuant to the Stock Repurchase Agreement, YANG issued the Note for Stock Repurchase Agreement in favor of ERAS in the amount of $500,000.00. *Chen Decl.*, ¶ 6, Ex. 2. YANG and ADDADAY do not dispute the validity of the Stock Repurchase Agreement and the Note for Stock Repurchase Agreement, as YANG made a portion of the payments to ERAS in accordance with the Stock Repurchase Agreement. *Chen Decl.*, ¶ 9, 10.

ERAS had performed all of its obligations under the Stock Repurchase Agreement, by executing an assignment to transfer all of its 300,000 shares of common stock to YANG in September 2020.

YANG failed to perform his obligations under both the Stock Repurchase Agreement and the Note for Stock Repurchase Agreement because the payments made by YANG totaled $246,500.00, and YANG still owes ERAS $253,500.00. *Chen Decl.*, ¶ 9, 10.

ERAS was harmed by YANG's failure to perform. Therefore, ERAS' claims against YANG based on his breaches of the Stock Repurchase Agreement and the Note for Stock Repurchase Agreement are valid.

### Debt Guarantee Agreement, and Guarantee by YANG

On or about September 2, 2020, ADDADAY, YANG, ARTIST, and ERAS entered into the Debt Guarantee Agreement. Pursuant to the Debt Guarantee Agreement, ADDADAY issued the Guarantee by ADDADAY in favor of ARTIST,

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

7
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

and YANG issued the Guarantee by YANG to guarantee ADDADAY's obligations under the Guarantee by ADDADAY. *Chen Decl.*, ¶ 12, 14, 16, Ex. 3 -5. YANG and ADDADAY do not dispute the validity of the Debt Guarantee Agreement, Guarantee by ADDADAY, and Guarantee by YANG, as ADDADAY and YANG made a portion of the payments to ARTIST in accordance with the Debt Guarantee Agreement. *Chen Decl.*, ¶ 15.

ERAS has performed all its obligations under the Debt Guarantee Agreement, by entering into the Stock Repurchase Agreement.

YANG failed to perform their obligations under the Debt Guarantee Agreement, and Guarantee by YANG, because the total payments made in accordance with these agreements was $374,705.00, and YANG still owes ARTIST $1,117,059.70. *Chen Decl.*, ¶ 15.

ARTIST was harmed by YANG's failure to perform. Therefore, ARTIST's claims against YANG based on YANG's breaches of the Debt Guarantee Agreement, and Guarantee by YANG are valid.

### 3. The Attachments are Not Sought for a Purpose Other Than Recovering on the Claims

Counterclaimants do not seek the attachments for any purpose other than recovering on its claim for damages related to YANG's breaches. The decision to sue YANG did not come lightly as the Counterclaimants value their relationship with their customers highly. In fact, Counterclaimants exhausted all efforts to amicably resolve the dispute to no avail.

### 4. The Amount to be Secured Is Greater than Zero.

In this instance, Counterclaimants seek to secure $1,370,559.70 by way of this motion. This amount is the aggregate amount of damages from YANG's failure to pay Counterclaimants in accordance with different agreements. Accordingly, the amount to be secured here is clearly greater than zero.

///

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

8
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

## IV. CONCLUSION

For the foregoing reasons, the Court should issue a Right to Attach Order and Order for Issuance of Writ of Attachment against YANG in the amount of $1,370,559.70[2].

Dated: March 28, 2022

ARDENT LAW GROUP, P.C.

By: /s/ *Hubert Kuo*
Hubert Kuo
Jennifer C. Berschauer
Attorneys for Defendants/Counterclaimants ARTIST INTERNATIONAL CO., LTD., and ERAS SPORTING CO., LTD., Defendants LI-WEI HOU, HONG-WEN CHEN, erroneously sued as HUNG-WEN CHEN, and specially appearing on behalf of LI-MING HSU

---

[2] From Stock Repurchase Agreement, Note for Stock Repurchase ($253,500.00), Debt Guarantee Agreement, and Guarantee by YANG ($1,117,059.70).

# CERTIFICATION OF SERVICE

The under signed attorney certifies that copies of the foregoing **COUNTERCLAIMANTS' NOTICE OF MOTION AND MOTION FOR A RIGHT TO ATTACH ORDER AND ISSUANCE OF WRIT OF ATTACHMENT AGAINST COUNTER DEFENDANT VICTOR YANG; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF** was served upon all parties on March 28, 2022

*/s/ Hubert Kuo*
Hubert Kuo

ARDENT LAW GROUP, PC
4340 Von Karman Ave., Suite 290
Newport Beach, CA 92660
Telephone: (949) 299-0188
Facsimile: (949) 299-0127

10
NOTICE OF MOTION AND MOTION FOR RIGHT TO ATTACH ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF